FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 11-CR-00565 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| JULIA DE LA CRUZ SANTIAGO, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 27, 2011, Julia De la Cruz Santiago plead guilty to a single-count indictment, which charged that she entered the United States having previously been denied admission and without having obtained the express consent of the Secretary of the United States Department of Homeland Security in violation of 8 U.S.C. § 1326(a).

De la Cruz Santiago was sentenced on October 11, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be six and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between zero and six months. The calculation of the total offense level included a two-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of two years. 8 U.S.C. § 1326(a). The guidelines range for the fine was from $500-$5,000.

De la Cruz Santiago was sentenced to time served and one year of supervised release. A $100 special assessment was imposed. She is not to be detained in this country if she fails to pay the special assessment. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is a citizen of Mexico. She has two sons, ages four and six years old. Although she completed three years of school, she is illiterate and has few employment opportunities. She came to the United States to try to earn a living for her family. Two days after being denied entry at the border, she walked across the border near Nogales, Arizona. She was arrested in New York on July 27, 2011, and has been incarcerated for the last two and a half months. A sentence of time served, which falls within the guidelines range, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed. The sentence will send a clear message that illegal reentry will result in a prison sentence. Specific deterrence is achieved through defendant's prior incapacitation and her subsequent deportation. It is unlikely that she will engage in further criminal activity in light of her family circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: October 12, 2011
Brooklyn, New York